## David Mealing *et al. vs.* The City Council of Augusta.

### *Suggestion for a Prohibition.*

It is stated in this suggestion that on the 4th of December, 1829, an act was passed by the legislature of this State for the relief of butchers, vendors of meats in the city of Augusta, rendering it unlawful for the city council to assess or lay any tax upon the regular butchers in the city, or upon their meats vended therein, by way of fees or otherwise, exceeding the sum of fifty dollars per annum for each single stall in the market house ; that notwithstanding this act the city council are about to levy an extra tax other than the rent for the stalls in the market house, and to dispossess the butchers of their stalls rented for a term not yet expired, unless the tax be paid, of which they the bucthers have received regular notice from the clerk of the council.

Upon this suggestion a rule was made at chambers on the 17th of February requiring the city council of Augusta to show cause on the first day of the next term why the writ of prohibition should not be granted. In pursuance of this rule they now show for cause, 1st. That the city council is not a court or judicial tribunal whose proceedings can be restrained by prohibition. 2dly. That the suggestion does not make known any suit pending before the city council or any act done by them to be restrained, but only a *fear* that some suit may hereafter be instituted, or some act be done from which damage may arise. 3dly. That the apprehended act is not the exercise of judicial power, or even of the quasi judicial power of the council employed in carrying into effect its bye-laws for preserving peace and good order in the city.

This brings before the court the propriety of the remedy alone, and withdraws from its consideration the merits of the controversy, the constitutionality of the act of the 4th Decem-

RICHMOND.

EDWARDS
*v.*
MUSGROVE.

While the city council of Augusta confines itself within the limits of the charter to mere police regulations under its own ordinances, it cannot be considered a court subject to *prohibition.*

Prohibition will not be granted unless the party is in danger of being injured by some suit *actually depending :* it is not sufficient that he merely fears that a suit may be commenced in which he might suffer damage.

RICHMOND.

MEALING *et al.*
*v.*
CITY COUNCIL
of Augusta.

ber, 1829, and renders this case simple and easy, though it may prolong litigation between the parties.

The Supreme Judicial authority of the State is in the Superior Courts, which have vested in them all the powers of the Chancery and Superior Courts of England. They can restrain and control all inferior jurisdictions, confining each within the proper limits and bounds prescribed by law; and can also regulate and control all public corporations. For this purpose the constitution has given the Judges of the Superior Courts power to issue writs of *mandamus, prohibition, scire facias,* and *all other writs* which may be necessary for carrying their powers fully into effect. This general superintendency given to the Superior Courts cannot however be exerted capriciously, but it must be done legally and according to the forms of law; and for this purpose writs are given to suit the various cases which may arise, and it is as necessary that the Superior Courts in the use of these writs preserve uniformity and regularity in their own judicial proceedings, as it is that inferior jurisdictions be kept within their proper limits.

The writ of prohibition is that which was framed to restrain Inferior Courts of every kind, and keep them within the just bounds of their several jurisdictions.(1) The reason of prohibitions is said by the English Courts to be, the preservation of the right of the King's crown and courts, and for the ease and quiet of the subject, both of which are best preserved where every thing runs in the right channel, according to the original jurisdiction of every court; and where causes are prevented from being drawn " *ad aliud examen,*" than they ought to be.

The writ, then, being to restrain courts, our first inquiry is, whether the city council of Augusta be a court? A court is a place where justice is administered according to the laws of the land. That justice be judicially administered, that is, that the tribunal administering it, be a constituent part, however minute, of the *judiciary* of the State, is inseparable from the idea of a court.

By the charter of Augusta, the city council has power to make all needful bye-laws, rules, and ordinances, for the good government of the city, and to enforce them. In doing this they necessarily exercise a sort of judicial power; but the causes arising under their ordinances, and examined before the council, cannot be said to be drawn *ad aliud examen,* for no court of the State would take any cognizance of the matter. The proceedings are not under the laws of the State, and no court of the State can be bound by these bye-laws. So long as the city council confines itself within the limits of the charter to mere police regulations under its own ordinances, it cannot be considered a court, subject to prohibition.

(1) Day's Comyn Dig. 7th vol. 140.

It might be otherwise, should it undertake to adjudge and administer the laws of the State, and to usurp a jurisdiction not belonging to it. But is said, the members of the city council being *ex officio* justices of the peace, the city council itself is therefore a judicial tribunal, and must be recognized as such by the Superior Court. It does not follow, that because each member is a justice of the peace, the city council, in its corporate capacity, may assume the jurisdiction of justice of the peace, or that it becomes thereby incident to the corporation. On the contrary, this is a power given to each member—it is bestowed on the member personally, and seems to have been carefully withheld from the corporation.

The court being of opinion that the ci y council of Augusta is not a court, or such tribunal as can be reached by prohibition, it might seem to be unnecessary to advert to the second and third grounds of objection to the rule being made absolute. But it is made known by the suggestion that there exists a contract between the parties for the rent of stalls in the market-house, and the court is called upon to prevent by writ of prohibition the damage which may result from a threatened violation of contract on the part of the city council. Now it can hardly be believed that this use of the writ is seriously contended for. As to the threatened summons for delinquency, the law is clear that no man is entitled to a prohibition, unless he is in danger of being injured by some suit actually depending, and it will not be granted merely from a fear that suit will be commenced from which damage may possibly accrue.

On the third ground, the gentlemen who support the sale contend, that though the contemplated proceeding of the city council may not be strictly judicial, nor even *quasi* judicial, yet that prohibition will be allowed in other cases where there is danger of wrong being done ; that the writ of injunction is a sort of prohibition ; and that the writ of prohibition itself will in some cases be granted to stay waste. It is true that prohibition has been granted in certain cases to stay waste, but this was by virtue of statutes expressly extending the remedy to such cases. And so far from supporting the rule, this is opposed to it, as the exception thus expressly made by legislative enactment shows what the common law is.

As between prohibition and injunction, there is this very obvious and striking difference, one operates upon the court, and the judge and officers who disregard it may be punished ; the other operates upon the party alone to restrain him from using the process of the court, but does not interfere with the court itself. And the adduction of this particular instance, shows the necessity of preserving the proper distinction in the use of the various writs and processes of court, which have been framed to meet every exigency which may arise in the course of legal proceedings.—They are adapted to the

RICHMOND.

MEALING *et al.*
*v.*
CITY COUNCIL
of Augusta.

judicial system of the country—have been approved by wisdom and experience, and may not safely be departed from or disregarded.

Upon all the grounds, the opinion of the court is against the rule, and believing that the case presented is not such as to entitle the party suggesting it to a prohibition. The rule is discharged.